

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-51,197-03

### EX PARTE JAMES AARON DYSON, Applicant

---

**ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. C-4-W011479-0657742-C
IN CRIMINAL DISTRICT COURT NO. 4 FROM TARRANT COUNTY**

---

*Per curiam*. RICHARDSON, J., filed a concurring opinion in which HERVEY and NEWELL, JJ., joined. YEARY, J., filed a dissenting opinion in which KELLER, P.J. and SLAUGHTER, J., joined.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of engaging in organized criminal activity with a firearm and sentenced to fifty years' imprisonment. Applicant's conviction was affirmed on appeal. *Dyson v. State,* No. 02-98-0096-CR (Tex. App.–Fort Worth, Sept. 16, 1999) (not designated for publication). Applicant filed this application for writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX.

CODE CRIM. PROC. art. 11.07.

Applicant alleges, among other things, that, but for a witness's misleading trial testimony, Applicant would not have been convicted of engaging in organized crime. He concedes that he is guilty of the lesser-included offense of aggravated assault with a deadly weapon. TEX PENAL CODE § 71.02(a); *Walker v. State,* 594 S.W.3d 330, 338 (Tex. Crim. App. 2020).

The trial court, after holding a live evidentiary hearing, recommends relief be granted. We agree. Applicant is entitled to relief. *Ex parte Chaney,* 563 S.W.3d 239, 263-64 (Tex. Crim. App. 2018); *Ex parte Chabot,* 300 S.W.3d 768, 771-72) (Tex. Crim. App. 2009).

Relief is granted. The judgment in cause number 0657742D in the Criminal District Court Four of Tarrant County is set aside, and Applicant is remanded to the custody of the Sheriff of Tarrant County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: September 29, 2021
Do not publish